

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-26-00165-CR

Jose Antonio **QUINTANILLA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2025-CR-001308
Honorable Joel Perez, Judge Presiding

PER CURIAM

Sitting:     Lori Massey Brissette, Justice
              Adrian A. Spears II, Justice
              H. Todd McCray, Justice

Delivered and Filed: May 13, 2026

DISMISSED

Appellant Jose Antonio Quintanilla seeks to appeal his judgment of conviction for the offense of third-degree online solicitation of a minor. The record shows Quintanilla entered into a plea bargain with the State pursuant to which he pled guilty to the offense. "In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after

getting the trial court's permission to appeal; or (C) where the specific appeal is expressly authorized by statute." TEX. R. APP. 25.2(a)(2). The record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the appellant, and appellant did not file any motions ruled on before trial. *See id.* Nor is the appeal specifically authorized by statute. *See id.*

Furthermore, the record includes the trial court's Rule 25.2(a)(2) certification stating "this criminal case . . . is a plea-bargain case, and the defendant has NO right of appeal." This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.* R. 25.2(d). The record appears to support the trial court's certification that Quintanilla does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate).

We therefore ordered Quintanilla to show cause by May 4, 2026, by filing a response, establishing an amended certification showing he has the right to appeal has been made part of the appellate record. *See* TEX. R. APP. P. 25.2(d), 37.1; *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991) (out-of-time appeal from final felony conviction may be sought by filing a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure). We admonished appellant that if a supplemental clerk's record was required to show he has the right to appeal, he was required to request it from the trial court clerk and file a copy of the request with this court. We further admonished appellant that if he failed to satisfactorily respond to our order within the time provided, the appeal would be dismissed. Appellant has not responded to our order and no supplemental clerk's record has been filed with an amended certification.

Accordingly, this appeal is dismissed.

PER CURIAM

DO NOT PUBLISH